# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GUILLERMO PLANCHART,

     Plaintiff,

v.                                         Case No: 8:17-cv-547-T-30MAP

HOME DEPOT U.S.A., INC.,

     Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Doc. 15) and Defendant's Response in Opposition (Doc. 18). Upon review, the Court concludes that Plaintiff's motion should be denied.

## BACKGROUND

Plaintiff Guillermo Planchart commenced this negligence action on February 2, 2017, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Plaintiff seeks damages against Defendant Home Depot U.S.A. related to a slip-and-fall injury he sustained at one of Defendant's stores. More specifically, he seeks compensation for his "bodily injury, . . . pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money[,] and aggravation of [a] previously existing physical condition." (Doc. 2, ¶ 11.) According

to Plaintiff, his losses "are permanent and continuing in nature," he "will incur medical expenses in the future," and he "will continue to suffer losses in the future." (*Id.*)

On March 6, 2017, Defendant timely removed Plaintiff's case to this Court based on diversity jurisdiction. The Notice of Removal (Doc. 1) indicates that the Parties are diverse and the amount in controversy exceeds $75,000. Plaintiff now moves to remand to state court. He argues that Defendant did not establish that Plaintiff's damages exceed the jurisdictional amount.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 179, 189 (1936) (holding that the party who seeks federal jurisdiction must establish jurisdictional facts). The defendant must prove these jurisdictional facts by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). Thus, the defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Id.* It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount, then the court should look to the notice of removal and other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th

Cir. 2001). When a defendant seeks to remove the case to federal court within the first thirty days of service, it is not limited in the types of evidence it can use to establish the amount in controversy. *Pretka*, 608 F.3d at 767. The Defendant can provide an affidavit, declaration, or other documentation, *id*. at 755; it can also satisfy its burden by submitting evidence of damages from comparable cases, *Schmidt v. Pantry, Inc.*, No. 1:11-CV-228-SPM-GRJ, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Furthermore, district courts are permitted to make "reasonable deductions, . . . inferences, [and] . . . extrapolations" and need not "suspend reality" in determining whether a party has established the jurisdictional amount. *Roe*, 613 F.3d at 1061-62 (citation and internal quotation marks omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case . . . meets federal jurisdictional requirements." *Id*. at 1062.

In the Complaint (Doc. 2), Plaintiff simply alleged that his damages exceed $15,000. However, as discussed in Defendant's Notice of Removal (Doc. 1), the past and future medical expenses claimed by Plaintiff likely exceed $75,000.

In conjunction with the Notice of Removal, Defendant filed a copy of Plaintiff's pre-suit demand letter, which requested $495,000 to compensate for Plaintiff's damages. (Doc. 2-1, pgs. 14-18.) Plaintiff supported this demand by attaching a copy of his medical records and bills. These records document that Plaintiff suffered "a whole person permanent impairment" of 8% due to the slip and fall. (*Id*. at 24.) They demonstrate that, as of August 2014, Plaintiff had accrued $44,656.04 in medical bills due to the incident. (*Id*. at 1-13.) In addition, a "Final Orthopedic Evaluation" prepared in January 2014 indicates that Plaintiff will require significant, yearly medical treatment for the remainder

of his lifetime. (*Id*. at 19-26.) The evaluating physician, Dr. Tamea, estimated the required medical care to cost approximately $8,300 to $9,300 per year; he also recommended additional care with an estimated cost of $3,750 per year.[1] (*Id*.)

Plaintiff was born on March 10, 1963 and is currently 54 years old. The average additional life expectancy for someone of his age and gender is 28.3 years. If the Court uses this figure as a benchmark, it can calculate the value of Plaintiff's future medical expenses to cost between $234,890 and $369,315. Given that Plaintiff has already spent $44,656.04 on past medical care for his injury, a jury need only award a few years' worth of future medical expenses to push Plaintiff's damages over $75,000. Moreover, this estimate is conservative because it does not factor in the additional (unspecified) damages Plaintiff is seeking for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, and loss of the ability to earn money.

Plaintiff argues that Defendant has not proven that the amount in controversy exceeds $75,000 because Dr. Tamea's estimates have become "irrelevant, incorrect, and moot." (Doc. 15, pg. 8.) Dr. Tamea estimated the cost of Plaintiff's future medical care on January 14, 2014; two days later, Plaintiff underwent the recommended rotator cuff repair surgery. According to Plaintiff, the surgery made it such that he no longer needs the additional medical care discussed by Dr. Tamea.

---

[1] Dr. Tamea also noted that Plaintiff would require rotator cuff repair surgery, which would cost an estimated $55,000. Plaintiff subsequently obtained this surgery, so the Parties have included this cost in the value of Plaintiff's past (as opposed to future) medical expenses.

There are a few problems with this argument. First, Dr. Tamea's report indicated that Plaintiff would need a rotator repair cuff surgery and did not state that obtaining the surgery would make the other future medical care unnecessary. Second, Plaintiff has not attached any evidence (e.g., an updated medical report or even an affidavit) to demonstrate that his surgery rendered Dr. Tamea's projections obsolete. Third, Plaintiff's argument seems disinguenous, given that he relied on Dr. Tamea's report well after the time of his surgery to make a pre-suit demand for $495,000.

Plaintiff's remaining arguments for remand are frivolous. Based on the evidence the Court has before it and after applying its "judicial experience and common sense," the Court concludes that Defendant has established the requisite amount in controversy.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion to Remand (Doc. 15) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on July 11th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record